UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

KAREN SCHMIDT AND JOSEPH )
SCHMIDT, )
) No. 5:10-CV-24-REW
Plaintiffs, )
)
v. ) MEMORANDUM OPINION AND ORDER
)
INTERCONTINENTAL HOTELS GROUP )
RESOURCES, INC. AND HOTEL d/b/a )
HOLIDAY INN LEXINGTON, )
KENTUCKY, )
)
Third-Party Plaintiff/Defendant, )
)
v. )
)
BULLS EYE LAWN AND LANDSCAPE, )
)
Third-Party Defendant. )
                    ***  ***  ***  ***

Third-Party Defendant, Bulls Eye Lawn and Landscape (Bulls Eye), by counsel, moved for

summary judgment as to all counts listed in the Third-Party Complaint. DE #37 (Motion). Third-

Party Plaintiff/Defendant, Intercontinental Hotels Group Resources, Inc. and Hotel d/b/a Holiday Inn

Lexington, Kentucky (Defendant), responded in opposition, DE #38 (Response), and Bulls Eye

subsequently replied, DE #39 (Reply). Having reviewed the filings and full record under the required

standards, the Court **DENIES** Bulls Eye's motion for summary judgment.

## I. Relevant Background[1]

This matter arises from Plaintiff Karen Schmidt's alleged slip and fall on a patch of ice outside the entrance to her hotel, the Holiday Inn in Lexington, Kentucky, on the evening of January 30, 2009. DE #1 (Complaint) ¶¶ 1, 15. Plaintiff seeks recovery based on Defendant's alleged failure to maintain the premises in a reasonably safe condition for use by its guests. *Id.* ¶¶ 14-16. Defendant seeks either indemnification from or apportionment regarding Bulls Eye. DE #23 (Third-Party Complaint). Defendant claims that Bulls Eye was present on the Holiday Inn property on the day of Plaintiff's fall and assisted with snow and ice removal from both the parking lot and the sidewalks, and thus, Bulls Eye owed a duty to Plaintiff. *Id.*

Beginning in 2005, Defendant maintained an oral contract with Bulls Eye to assist with snow and ice removal from its property. DE #38-4 (Response). The parties did not have a set "policy" covering the scope of Bulls Eye's work. *Id.* Instead, Bulls Eye performed plowing and snow removal services only when and as demanded by Defendant. *Id.* Bulls Eye typically plowed the driveway and parking lot and spread rock salt throughout but also did assist with shoveling sidewalks as requested. *Id.* Bulls Eye's billing statement, invoiced to Defendant on February 18, 2009, indicates that Bulls Eye performed plowing services on January 19, 26, 27, 28, 29, 30, and 31, and performed sidewalk shoveling on January 19, 27, and 28. DE #37-3 (Motion). Holiday Inn did not maintain separate records of Bulls Eye's snow and ice removal. DE #38-6 (Response) ¶6.

Defendant contends that on January 30, 2009, Bulls Eye provided rock salt, shoveled the sidewalks, and applied rock salt to the sidewalks. DE #38-6 (Response) ¶¶ 4-5. Bulls Eye denies

---

[1] In accordance with Federal Rule of Civil Procedure 56, the Court discusses the facts in favor of Third-Party Plaintiff/Defendant, the non-movant.

shoveling the sidewalks on January 30, 2009, and alleges it was present merely to spread rock salt in the parking lot and driveway during the morning hours. DE #37-1 (Motion) at 4.

## II. Standard of Review

Pursuant to Federal Rule of Civil Procedure 56, summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A reviewing court must construe the evidence and draw all reasonable inferences from the underlying facts in favor of the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 106 S. Ct. 1348, 1356 (1986); *Lindsay v. Yates*, 578 F.3d 407, 414 (6th Cir. 2009). Additionally, the court may not "weigh the evidence and determine the truth of the matter" at the summary judgment stage. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2511 (1986).

The burden of establishing the absence of a genuine issue of material fact initially rests with the moving party. *Celotex Corp. v. Catrett*, 106 S. Ct. 2548, 2553 (1986) (requiring the moving party to set forth "the basis for its motion, and identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate an absence of a genuine issue of material fact"); *Lindsay*, 578 at 414 ("The party moving for summary judgment bears the initial burden of showing that there is no material issue in dispute."). If the moving party meets its burden, the burden then shifts to the nonmoving party to produce "specific facts" showing a "genuine issue" for trial. *Celotex Corp.*, 106. S. Ct. at 2253; *Bass v. Robinson*, 167 F.3d 1041, 1044 (6th Cir. 1999). However, "Rule 56(c) mandates the entry of summary judgment . . . against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden

of proof at trial." *Celotex Corp.* at 106 S. Ct. at 2552.

A fact is "material" if the underlying substantive law identifies the fact as an essential element. *Anderson*, 106 S. Ct. at 2510. Thus, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* A "genuine" issue exists if "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Id.* at 2511; *Matsushita Elec. Indus. Co.*, 106 S. Ct. at 1356 ("Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'") (citation omitted). Such evidence must be admissible at trial. *Salt Lick Bancorp. v. FDIC*, 187 F. App'x 428, 444-45 (6th Cir. 2006).

## III. Analysis

Bulls Eye seeks summary judgment on the ground that there is no genuine dispute of material fact as to whether it assisted with sidewalk snow and ice removal on January 30, 2009. Thus, if Bulls Eye did not participate in sidewalk snow and ice removal, it did not owe a duty to either Plaintiff or Defendant and cannot be liable to Defendant for indemnity or included in apportionment.[2] Defendant denies all liability to Plaintiffs but conditionally seeks indemnity or apportionment and argues that summary judgment is inappropriate because the scope of Bulls Eye's work on January 30, 2009, is in genuine dispute.

At the outset, the Court notes that this action is not a classic indemnity case. Indemnity in tort

---

[2] Bulls Eye also seeks summary judgment against Plaintiff Karen Schmidt on the ground that it did not owe a duty to Plaintiff based on the allegations contained within Plaintiffs' amendment complaint. The record does not reveal any amended complaint setting forth allegations by Plaintiff against Bulls Eye.

is available when "two persons are liable in tort to a third person for the same harm and one of them discharges the liability of both." *Restatement (Second) of Torts § 886B(1)*. This Section explains that indemnity is granted if the "indemnitor created a dangerous condition of land or chattels as a result of which both were liable to the third person, and the indemnitee innocently or negligently failed to discover the defect." *Id.* § 886B(2)(e).

The Comments to Section 886B indicate that an indemnitee recovers from an indemnitor because the latter's conduct was more blameworthy than the former's. *Id.* § 886B cmt. a. Thus, "[t]he basis for indemnity is restitution." *Id.* § 886B cmt. c. Holiday Inn alleges that Bulls Eye "was the primary and efficient cause of the Plaintiff's injury," DE #38 (Response) at 4-5, but Holiday Inn also acknowledges in its answers to interrogatories that its maintenance department is responsible for and actively involved in clearing off sidewalks and stairs, DE# 37-5. As developed thus far, the record likely would not support an indemnification instruction. Classically, indemnity does not apply to parties *in pari delicto*. *See York v. Petzl Am., Inc.*, 2010 WL 3717266, *4 (Ky. Ct. App. 2010).

Bulls Eye frames the issue for summary judgment as one of duty, a question of law, but the true issue is undoubtedly one of fact. Bulls Eye supports its argument with an affidavit, answers to interrogatories, and other documents, all forms of proof contemplated by Rule 56(c). Fed. R. Civ. P. 56(c). Movant argues that it did not participate in sidewalk snow and ice removal on January 30, 2009, and that its sole relevant contact with Holiday Inn was ten hours prior to Plaintiff's fall and was limited to delivering and spreading rock salt on the hotel's driveway and parking lot. DE #37-1 (Motion) at 3-4. Bulls Eye's tendered Affidavit from Jacob Miller swears that Bulls Eye assisted in sidewalk shoveling only if specifically requested by Holiday Inn, and that Bulls Eye did not assist in laying down ice melt on the sidewalks on the fateful day. DE #37-4 (Motion) at 2. Mr. Miller

further swears that Bulls Eye's work for Holiday Inn on both January 29 and 30, 2009, did not include any kind of sidewalk snow and ice removal. *Id.*

In Response, Holiday Inn submits an Affidavit from James Springer, the Chief Engineer and head of maintenance at Holiday Inn Lexington at the time of Plaintiff's fall, swearing that on January 30, 3009, Bulls Eye assisted in shoveling the sidewalks prior to Bulls Eye's application of rock salt to the sidewalks. DE #28-6 (Response). Bulls Eye's Reply provides additional, circumstantial evidence and maintains that summary judgment is appropriate, regardless of Holiday Inn's tendered affidavit. DE #39 (Reply) at 2. Bulls Eye points to Defendant's admissions that (1) Holiday Inn's maintenance department is responsible for sidewalk shoveling and (2) Holiday Inn also purchases ice melt from a third-party distributor. *Id.* Further, Bulls Eye contends its invoice indicates the days that Holiday Inn requested sidewalk shoveling services, and the line item for January 30, 2009, charges Bulls Eye only for spreading rock salt in the parking lot and driveway areas. *Id.*; DE #38-5 (Response).

Although Bulls Eye claims (correctly) that "[t]his is not an instance where the only evidence is conflicting affidavits," its proffer nevertheless fails to demonstrate the absence of a genuine dispute of material fact. The scope of Bulls Eye's work on January 30, 2009, is an issue of fact material to the case, and Holiday Inn's tendered affidavit suffices to place the fact issue in genuine dispute. The Court cannot weigh the evidence or determine its truth at the summary judgment stage—its sole function is to determine whether there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 106 S. Ct. 2505, 2510-11 (1986). The record presents a classic swearing contest between sentient witnesses as to whether Holiday Inn requested (and Bulls Eye subsequently performed) sidewalk snow and ice removal services. Holiday Inn's contradictory Affidavit may ultimately be

outweighed but here is more than mere allegations. It is proper proof setting forth a factual matter for trial. As a result, judgment as a matter of law is inappropriate.

Holiday Inn's Response also addresses the fact that Bulls Eye performed sidewalk snow and ice removal on the evening of January 28, 2009. DE #38 (Response) at 4. This fact alone does not support the conclusion that Bulls Eye owed either Plaintiff or Holiday Inn a duty on January 30, 2009, and by itself would be insufficient to survive summary judgment. As both parties note, the catastrophic ice storm continued for days. Simply providing snow and ice removal services forty-eight hours to prior to Plaintiff's fall does not place the scope of Bulls Eye's work on January 30, 2009, in genuine dispute.

Finally, Defendant asserts that Bulls Eye's Motion is premature because discovery in the case is ongoing and only one deposition had been taken at the time of Bulls Eye's filing. The Court notes that Federal Rule of Civil Procedure 56(d) requires a nonmovant to support its claim for prematurity by an "affidavit or declaration" asserting the specific reasons why it cannot present facts essential to justify its opposition. Fed. R. Civ. P. 56(d). Holiday Inn did not file either in the instant case, though the result moots the problem.

## IV. Conclusion

For the reasons discussed above, the Court **DENIES** Third-Party Defendant Bulls Eye's Motion for Summary Judgment.

This the 12th day of October, 2011.

Signed By:

*Robert E. Wier*

**United States Magistrate Judge**